**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ATHENS PAWN SHOP, INC. | § | |
| | § | |
| v. | § | No. 6:07-cv-114 |
| | § | |
| MEGAN A. BENNETT, Director of | § | |
| Industry Operations Dallas Field | § | |
| Division, Bureau of Alcohol, Tobacco, | § | |
| Firearms & Explosives and | § | |
| MICHAEL B. MUKASEY, in his | § | |
| official capacity as United States | § | |
| Attorney General | § | |

## MEMORANDUM OPINION AND FINAL ORDER

Before the Court is Respondents Megan A. Bennett's and Michael B. Mukasey's Motion for

Summary Judgment (Doc. No. 9), the Petitioner's response and the Respondent's reply. Based on

the parties' filings and the applicable law, the Court rules as follows.

## I. BACKGROUND

Petitioner Athens Pawn Shop, Inc. ("Athens Pawn") filed a petition for a *de novo* judicial

review pursuant to 18 U.S.C. § 923(f)(3) after its firearms license was revoked. On March 17, 2007,

Athens Pawn received a Notice of Revocation, notifying it that its federal firearms license as a dealer

in firearms other than destructive devices was revoked. At Athens Pawn's request, an administrative

hearing on the revocation was held on July 18, 2006. After the hearing, the Special Hearing Officer

issued a report and recommendations to the Director of Industry Operations, John H. Brooks.[1]

Although the Notice of Revocation listed four grounds on which Athens Pawn's firearms license was

revoked, the Special Hearing Officer found that three of the grounds were a result of "unintentional

---

[1] Megan A. Bennet is the current Director of Industry Operations for the Dallas Field
Division of the Bureau of Alcohol, Tobacco, Firearms & Explosives.

oversight." But the Special Hearing Officer also found that the Director of Industry Operations had "ample grounds" to revoke the license based on the fourth ground, namely that Athens Pawn failed to record and maintain accurate records of the acquisition and disposition of firearms into the A&D book in violation of 18 U.S.C. § 922(m), § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). However, the Special Hearing Officer noted that the Director of Industry Operations may want to consider whether the violation was "so egregious and willful that revocation is the best remedy."

After evaluating the report and recommendations of the Special Hearing Officer, the Director of Industry Operations found that Athens Pawn's failure to make timely entries of the acquisition and disposition of firearms was willful. The Director of Industry Operations noted that despite Athens Pawn's extensive experience in the business of dealing in firearms, a combined total of 73 firearms were missing and unaccounted for during the two most recent inspections of Athens Pawn's premises. The Director of Industry Operations also noted that as far back as the April 1987 inspection, Athens Pawn was cited for its failure to properly record all firearms dispositions. On February 26, 2007, Athens Pawn received a Final Notice of Denial of Application or Revocation of Firearms License. Athens Pawn seeks judicial review of that decision.

## II.    SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is "material" if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999) (internal citations

omitted).  Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961.  The party seeking summary judgment bears the initial burden of demonstrating the lack of a genuine issue of material fact.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the moving party "fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*  If the movant meets its burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042,1046-47 (5th Cir. 1996).  The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence.  *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

## III.    ANALYSIS

Pursuant to 27 C.F.R. § 478.125(e), a licensed firearms dealer is required to record and maintain accurate records of the acquisition and disposition of firearms.  Under 18 U.S.C. § 923(g)(1)(A), a licensed firearms dealer is required to maintain records of the receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney

General may by regulations prescribe. And under 18 U.S.C. § 922(m), it is unlawful for a licensed firearm dealer to knowingly make any false entry in, or fail to make appropriate entry in, or fail to properly maintain, any record which he is required to keep pursuant to 18 U.S.C. § 923 or regulations promulgated thereunder. Further, 18 U.S.C. § 923(e) states that "the Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has *willfully* violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter." (emphasis added.)

While Athens Pawn concedes that it violated these statutes by not timely recording and maintaining accurate records of the acquisition and disposition of firearms, it argues that its license should not have been revoked because the violations were not done willfully or knowingly. Athens Park points out that after its last inspection, it spent five months correcting its records and has located all but 19 firearms. According to Athens Pawn, its attempt to correct its records demonstrates a lack of a willful violation. Further, Athens Pawn states that since the 2005 inspection, it has implemented action to prevent mistakes or errors in its records.

"A licensed holder commits a willful violation under § 923 if the licensee knew of his legal obligation and purposefully disregarded or was plainly indifferent to the record-keeping requirements." *Arwady Hand Trucks Sales, Inc. v. Vander Werf*, 507 F.Supp.2d 754, 761 (S.D. Tex. 2007)(citing *Strong v. United States*, 422 F.Supp.2d 712, 720-21 (N.D. Tex 2006)). Moreover, "a violation is willful if the licensee has been informed of the regulations, warned of the violations, and continually violates those requirements." *Id.* (citing *Strong*, 422 F.Supp.2d at 721). In fact, "Section 923 does not require evidence of a 'bad purpose' or 'evil motive' in order to support a showing of willfulness." *Id.*

4

In the case of *Awady Hand Truck Sales, Inc. v. Vander Werf*, the district court evaluated the following factors to establish willfulness: (1) the licensee's proven knowledge of its record keeping obligations, (2) its persistent failure to comply with the same or similar provisions, and (3) its receipt of a warning letter advising the licensee that repeated violations of the regulations could result in the revocation of its license. *Arwady*, 507 F.Supp.2d at 754. As in this case, the license holder in *Arwady* argued that its record-keeping records were not willful, but simply due to small oversights or mistakes. The license holder in *Arwady* also claimed that it had improved its record-keeping over time. Nevertheless, the District Court granted a motion for summary judgment by the Director of Industry Operations, holding that the license revocation was proper due to the license holder's repeated violations over a ten year period in spite of warnings.

Summary judgment in favor of the Respondents must be granted in this case for the same reason. The undisputed evidence demonstrates that Athens Pawn had numerous record-keeping violations noted during inspections in 1987, 1988, 1992 and 2000. The president, vice president and manager of Athens Pawn were present during the inspection in 2000, and the president, Royce Scott Benson, received a report of the violations, which warned that all violations must be corrected either immediately or within one month. Further, Mr. Benson signed a form acknowledging that the ATF inspector had reviewed the federal firearms laws and regulations with him. Mr. Benson was also sent a formal warning letter detailing the record keeping violations, including the failure to accurately record firearm acquisition information, and stating that "[r]epeat violations of those listed above will be viewed as willful and may result in the revocation of your license." Athens Pawn offers no explanation as to why, after multiple inspections noting violations, the same record keeping violations were still present during the 2005 inspection. The continued failure by Athens Pawn to

comply with federal record keeping requirements, particularly the requirement to maintain accurate records of the acquisition and disposition of firearms, demonstrates a willful violation under 18 U.S.C. § 923.

## IV.    CONCLUSION

For the reasons stated above as well as for the reasons stated in the Respondents Megan A. Bennett's and Michael B. Mukasey's Motion for Summary Judgment, summary judgment in favor of the Respondents is GRANTED.  All of the Petitioner's claims and requests for relief are hereby DISMISSED with prejudice against the same.  All other relief requested by the Respondents is hereby DENIED.

It is so ORDERED.

**SIGNED this 14th day of November, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE